

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2005

# Bacanegra Quintero v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3168

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bacanegra Quintero v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1002.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1002

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 04-3168


JUAN CARLOS BOCANEGRA QUINTERO,

Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL OF
THE UNITED STATES

Respondent[1]


On Petition for Review of a Decision and Order
of the Board of Immigration Appeals
(BIA No. A79-417-258)


Submitted under Third Circuit LAR 34.1(a)
June 3, 2005

BEFORE: FUENTES, GREENBERG, and COWEN, Circuit Judges
(Filed: June 16, 2005)


OPINION OF THE COURT


GREENBERG, Circuit Judge.

Juan Carlos Bocanegra Quintero has filed a petition for review with this court of a

_____

[1]Pursuant to Fed. R. App. P. 43(b)(2) Alberto Gonzales automatically has been substituted for John Ashcroft as a party in these proceedings.

decision and order of the Board of Immigration Appeals entered on June 30, 2004, affirming without opinion the results of a decision and order of an immigration judge denying his request for asylum and for withholding of removal and also denying his request for relief under the Convention Against Torture. In addition, the immigration judge ordered Bocanegra removed and thus the BIA by its order affirmed that order as well. We have jurisdiction under section 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a).

In these proceedings Bocanegra raises the following points:

Point I:

Petitioner qualifies for asylum, for withholding of removal and protection under Article 3 of the Convention Against Torture pursuant to sections 208 and 241(b)(3) of the Immigration and Nationality Act and, therefore, petitioner should have been granted the requested relief.

> A. The instant petitioner satisfies the statutory criteria to be classified as a 'refugee' pursuant to section 101(a)(42)(A) of the Immigration and Nationality Act and, therefore, warrants the relief of asylum.

> B. The instant petitioner presented sufficient corroborative evidence in support of the requested relief and warranted a favorable ruling.

Point II:

The immigration judge violated petitioner's due process rights by not ensuring a full and fair hearing and for seeming to have a preconceived opinion prior to receiving all pertinent evidence and testimony.

Point III:

> The immigration judge violated petitioner's due process rights by not ensuring a full and fair hearing and the board abused its discretion and further violated petitioner's due process rights by affirming, without opinion, the decision below.

Petitioner's br. at i-ii.

We do not set forth the facts in this matter as they were developed thoroughly before the immigration judge and the parties are familiar with them. Bocanegra, of course, has a heavy burden before this court as we will uphold the administrative determination if it is supported by substantial evidence. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). We find that Bocanegra's arguments are essentially frivolous as they are based on multiple layers of speculation. Certainly he did not establish that he is a refugee entitled to asylum or withholding of removal or that he is entitled to relief under the Convention Against Torture.

Also we note that the Attorney General in his answering brief asserts that Bocanegra did not raise his due process claim before the BIA and we note that Bocanegra has not filed a reply brief denying his assertion. In these circumstances this claim, which in any event is without merit, has not been preserved for review before this court. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 596 n.5 (3d Cir. 2003). Finally, the BIA did not abuse its discretion in affirming without opinion as Bocanegra's case before the BIA was no more substantial there than it is here.

The petition for review of the decision and order of the BIA entered June 30, 2004, will be denied.

_____

3